OPINION
{¶ 1} Defendant-appellant, Antoneio Clay, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm that judgment.
 {¶ 2} In the morning of January 24, 2003, Jon and Karen Kish left their house at 2306 Perkins Court in Columbus, Ohio, to go to work. Their son, Nathan, also left the house that morning to go to school. Around 2:45 p.m. that same day, Nathan was the first to return home. He walked in through the front door and saw clothes and shoe boxes thrown about the house, the family's computer and other personal property missing, and the backdoor kicked in. Nathan immediately called his mother and then the police. The police investigation discovered appellant's fingerprints on some emptied coin holders in an upstairs bedroom. The police identified appellant from the fingerprints. Appellant was arrested and interrogated by the police. During the interrogation, appellant first denied any knowledge of the burglary. Upon further questioning, he stated that he had dropped off a friend at a nearby house and saw the door of another house open. He went into the house to see if anyone needed help and saw that the house had been ransacked. He then went upstairs to check if anyone was in the house and took some change from coin holders that he saw in a bedroom.
 {¶ 3} Appellant was subsequently charged with one count of burglary in violation of R.C. 2911.12. Appellant entered a not guilty plea to the charge and proceeded to a jury trial. The jury found appellant guilty of burglary and the trial court sentenced appellant accordingly.
 {¶ 4} Appellant appeals, assigning the following error: Appellant's conviction is against the manifest weight of the evidence.
 {¶ 5} When presented with a challenge to the manifest weight of the evidence, an appellate court, after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quotingState v. Martin (1983), 20 Ohio App.3d 172, 175. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most "`exceptional case in which the evidence weighs heavily against the conviction.'" Id.
 {¶ 6} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v. Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must also give great deference to the fact finder's determination of the witnesses' credibility. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 28; State v. Hairston,
Franklin App. No. 01AP-1393, 2002-Ohio-4491, at ¶ 74.
 {¶ 7} Appellant was convicted of one count of burglary. R.C.2911.12(A)(1) prohibits any person, by force, stealth, or deception, from trespassing in an occupied structure when another person other than an accomplice is present, with purpose to commit in the structure any criminal offense. Similarly, R.C.2911.12(A)(2) prohibits any person, by force, stealth, or force, from trespassing in an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice is present or likely to be present, with purpose to commit any criminal offense. In his lone assignment of error, appellant contends that his burglary conviction is against the manifest weight of the evidence because he explained the presence of his fingerprints in the Kish house. We disagree.
 {¶ 8} Nathan Kish testified that when he returned home from school on January 24, 2003, he found the backdoor kicked in, the house in disarray, and many personal items missing. A police investigation discovered appellant's fingerprints on a set of coin holders inside the Kish house. When appellant was first questioned by the police about this burglary, he denied any knowledge of the events. After further questioning, he stated that he went into the house because he saw the door open and the house ransacked and wanted to see if anyone was injured. As he searched the house, he explained that he found the coin holders and took some change. At trial, however, appellant testified that during his initial questioning he mistakenly described another event that occurred six months earlier — not the burglary about which he was being questioned. Appellant also testified that he met Nathan Kish a couple weeks before the burglary and went to his house to buy a CD. He testified that he went upstairs to use the bathroom. While he was upstairs, he wandered around the house and went into a bedroom where he saw and touched the coin holders that contained his fingerprints. Nathan Kish denied ever meeting appellant and denied ever inviting him to his house.
 {¶ 9} The jury obviously did not believe appellant's testimony and instead chose to believe Nathan Kish's testimony that Kish had never met appellant and had never invited him into his house. The jury could also have disbelieved appellant's explanation for his previous admission to the burglary when questioned by the police. The fact that the jury did not believe appellant's testimony does not establish that their verdict was against the manifest weight of the evidence. State v. Pruitt,
Trumbull App. No. 2001-T-0101, 2003-Ohio-1882, at ¶ 40. The determination of weight and credibility of the evidence is for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The trier of fact is free to believe or disbelieve all or any of the testimony. State v.Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973; State v.Sheppard (Oct. 12, 2001), Hamilton App. No. C-000553. Given the conflicting evidence presented, the jury did not clearly lose its way when it rejected appellant's testimony. Appellant's story was not credible, particularly given his statements during his initial questioning. Therefore, we cannot say that this is an exceptional case in which the evidence weighs heavily against the conviction. The jury did not clearly lose its way when it convicted appellant of burglary.
 {¶ 10} Appellant's conviction for burglary was not against the manifest weight of the evidence. Accordingly, appellant's lone assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and McCormac, JJ., concur.
McCormac, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.